Good morning. Good morning. Can I reserve, respectfully, two minutes for rebuttal? Yes, you may. May I please the Court? My name is Chandler Parker. I represent the appellant. This is the second time I have appeared before this Court for this appellant on the question of whether a guardian ad litem appointed by a district court to represent minors in a civil litigation is entitled to invoke removal of jurisdiction under the federal officer removal statute. To me, this question is really about category, whether or not a guardian ad litem falls within the categories of persons entitled to invoke removal of jurisdiction. Now, in the last appeal from a criminal action involving this appellant, this Court found that appellant had waived her right to invoke removal of jurisdiction by entering into a plea agreement with the state prosecution. Implicit in the Court's finding in that appeal was that, in fact, a right did exist on the part of a guardian ad litem to invoke removal of jurisdiction. And so today, Your Honor, we ask, Your Honors, we would ask that this Court make explicit what was already implicit in the last And that is that a guardian ad litem is an important integral function, an agency of the Court, which should be entitled to, in certain circumstances, invoke removal of jurisdiction against a civil or criminal case. Counsel, even if you're correct on that, don't you still have to show a nexus between the alleged federal officer acting under a federal officer and what it is that your client is charged with? And how is there a nexus between even if being a JAL could be the type of officer you say it is and applying for six driver's licenses, including many before she was appointed JAL, how could there be the required nexus? Well, first, Your Honor, I do agree that that is essentially the second prong of the analysis. But I'll note that the district court never reached that determination. There was never one. Nonetheless, I'd ask you to answer my question. Absolutely. Well, I believe, and the record certainly hasn't been developed fully on that, but I would contend that it certainly is within the realm of reason that an act carried out in the performance of the duties of a guardian ad litem could give rise to a claim of perjury. In this case, with the driver's license, for example, you know. She's appointed as a guardian ad litem for her grandkids, right? That's correct. So she's accused by the state of applying for false driver's licenses, many of which before she was appointed as a guardian ad litem. What possible nexus is there between this guardian ad litem office and applying for six driver's licenses? Well, certainly, Your Honor, I would agree before she was appointed guardian ad litem, any alleged acts that she committed in violation of state law would fall outside the scope of any claim that there was. I mean, there's no way to establish a nexus under that circumstance. But there were, if I recall correctly, about six counts, two of which did involve or did occur within a time frame. Right, but don't we have to look at what are the duties of the guardian ad litem and determine whether or not applying for false driver's licenses is within or without the scope of those duties? Well, I certainly think that the district court would be required to make a factual determination on that issue. Isn't that a question of law? I believe it would be a question of law if there were simply no plausible way, you know, as a matter of law that the offense of perjury in the acquisition of a California I.D. could be carried out as a part of the performance of a federal duty. Well, hypothetically, give me an example of how it could. Okay. The example I would give is that in order for a guardian ad litem even to appear in the district court, they require an I.D. to enter the courtroom in addition. They don't require a false I.D.? Certainly not. But you do need an I.D. And in this, the alleged charges here are not alleged that she provided, you know, it's dealing with names. It's whether her name was Pauline Hunter or her maiden name, which is, I believe, Pauline Clay. It's not as if, you know, the allegations were that she constructed or stole someone's, like, identity and then tried to use this false identity to do this. Well, I suspect your colleague would differ with your view of that. But, I mean, take a different situation. A federal officer has a license to carry a gun, and that's part of their federal duties. Let's say they went into a store and stole a gun that they were going to use as part of their federal duties, and they were charged in state court with stealing the gun. Under your theory, they could remove that? Well, I think that that would have to be a fact-intensive inquiry. So if you would ask me, is there a scenario where a federal officer were to steal a gun, could I envision a scenario where that actually would be carrying out some federal function? I would answer, yes, I can envision a scenario. They may be performing some type of undercover operation. They may be involved in some type of criminal investigation federally that would require them to engage in something that might be alleged to have violated state law. Coming back to your facts, you have to show not only a connection between the conduct and your assertion of federal authority, but you also have to have a colorable federal defense. What is the federal defense that you would present to the charges here? Right. Well, the federal offense would be mainly relying upon the supremacy clause. There is a statute, I believe it's 1365, it's the guardian ad litem statute under the United States Code, talks about immunity from civil and criminal prosecution by a guardian ad litem. And so our contention would be that if she indeed was carrying out a function or an inherent function that she needed to do and that is alleged to have violated some state law, that, in fact, she would be immune from prosecution on that basis. But, I mean, I guess maybe I'm switching elements here, but it seems to me, I mean, you can characterize the problem in some sense under any of the three elements. But to be acting under an officer, I mean, the Supreme Court said in Watson, that's a relationship that involves subjection or guidance or control by the officer under whom you're acting. And, you know, this gets back to Judge Bennett's point, that the court that appointed your client as guardian ad litem didn't say, you know, go out and get a fake driver's license. I assume you're not saying that it told you to do that. No, I mean, there's nothing in the record to indicate that. Right. So how does, so then how does, I mean, the supremacy clause is the supremacy clause, but how does it help you? Well, I think it's, you know, the only thing I can make it akin to is the coming and going rule in employment. You know, if there's a police delivery driver who must have a car in order to carry out their function as on the job, then the moment that they get in the car and go to work, they are acting within the scope of their duties just by driving. And if inherent in what the guardian ad litem has to do, must maintain some type of ID to carry out her function, then that too, the acts of doing that, our position would be, could theoretically fall within the performance of those duties. Counsel, what is, I know you have two minutes, or you wanted two minutes, but what is the status of the criminal matter? At this point, I believe that the matter is in abeyance or warrant status at this point, because the Ninth Circuit, the removal of the court at one time stayed the case, has now been inclined not to stay the case. There's a dispute about that. And, I mean, in all honesty, I think we're just awaiting to figure out what's going on with this court of appeal and this appeal decision. Thank you. Good morning, Your Honor. Scott Collins, Deputy District Attorney on behalf of the people of the State of California. May it please the Court. To answer the Court's most recent question, I believe the case is in warrant status in state court, and my last information was the whereabouts of the defender are actually unknown. Under 1455, the state court is allowed to actually proceed with the case, unless this court or the district court had an order to stay. We're allowed to proceed with the criminal case all the way up to the point of entry of judgment. So there's no reason why this case should actually hold up the state case short of entering judgment in the underlying matter. So when you say warrant status, there's a warrant issued for her arrest? I'm not the trial deputy, but that's my understanding. Okay. But it hasn't been served or executed? My whereabouts are unknown. And so the district court reordered the remand, and that's on appeal now. And my question is related to the question of whether this case has been mooted by outside events. Not necessarily. I mean, this court could find that the appeal has been abandoned based on the warrant status, but we're here. We put some work into the case. I'm not asking the court to do that at this point. Right. I think we have a duty to ascertain that question ourselves. But obviously on this record it appears live controversy, so go for it. Thank you. Good morning. So from the court's questions, clearly I don't need to go into the three prongs that are required under the removal statute. The court's questions are clear. The court understands what's required. The statute speaks for itself. And then Mesa v. California, the U.S. Supreme Court, looked at the requirements as well. What does bear repeating is that each of the three prongs have to be proven. The burden is on the appellant to make that showing. And also that showing has to be made by, quote, a full and fair presentation of facts pursuant to Colorado v. Symes, a case from 1932, U.S. Supreme Court. And the appellant's notice of removal simply failed to demonstrate each of the three required elements. She failed to demonstrate that she is a federal officer, particularly in light of controlling precedent from the United States Supreme Court going back 150 years. In Ex Parte Garland, the Supreme Court held that a lawyer is an officer of the court but is not a federal officer within the meaning of federal statutes. Can you conceive of some circumstances where she could fall into the category of acting under a federal officer for purposes of removal? Not under these facts. I mean, when I think of someone who's appointed or acting under the supervision of a federal agency, because my background, I used to work narcotics, so the scenario that comes to mind is, let's say you have a state police officer, a L.A. County deputy sheriff, for instance, working with DEA as a task force officer. That task force group goes and executes a search warrant. The state, for instance, California, says, hey, we don't like DEA executing search warrants for marijuana, so we're going to actually charge these officers with burglary. That state task force officer working under the supervision of a DEA agent for the DEA could remove that case to federal district court. But scenarios like that are so far removed from the facts before this court, I simply can't come up with any good scenario as to why going and lying on driver's license applications is acting within the course and scope of the appellant's authority to act as a guardian ad litem. Is that a question of law or something to be developed as a factual matter? Well, I think it's a question of law. And the district court's holding that a guardian ad litem does not qualify under 1442, that seems to me to be a question of law. And further, I think both parties agree that this court reviews removal actions de novo. So under either scenario, this court gets a fresh look at it. And because this case is basically presented on the pleadings, de novo review is also appropriate. So even if this court were to decide, hey, maybe guardian ad litem status is sufficient under 1442, then this court under de novo review can go to the next steps and look at the second and third prongs and ask whether there is any colorable showing that the appellant was acting, you know, and that there is a colorable showing of the federal immunity or federal defense. And I think the court can comfortably answer both of those questions in the negative, in addition to finding that guardian ad litem simply does not rise to the level of a federal officer under the meaning of the statute because of ex parte garland camera. And I would also remind this court of its prior decision in Curtley v. Rainey, which I cited in my brief at page 37. That was the case in which a state actor in the state of Washington was appointed as a guardian ad litem under Washington state law. And this court held that a guardian ad litem under Washington state law was not performing, quote, state action within the meaning of that statute. And so when you look at that, just applying that to this case is, to me, perfectly logical, particularly in light of the controlling authority in camera and ex parte garland. Further, you know, I cited, I think both parties cited the AT&T v. Yeager, Chuck Yeager case. And the importance of that case is it talks about the duties of a guardian ad litem and states that a guardian ad litem is not an arm of the court. It's a representative of a party. And I also cited Section 17 of the Federal Rules of Civil Procedure that a guardian ad litem simply represents a minor who doesn't have standing to litigate a case in this case in particular. So a guardian ad litem is not an arm of the court. It's merely a representative of a party who's unable to represent his or herself. And again, going back to the Watson v. Philip Morris case, the U.S. Supreme Court said, look, merely being supervised by a government agency is insufficient to create federal officer status for purposes of this specific statute. And again, the Philip Morris case addressed 1442. So are there further questions? Thank you, counsel. Thank you. I'll give you some time. I'll give you a minute. Thank you. The only thing I was going to address with respect to the respondent's position is that the claim that a guardian ad litem is not an officer, that they are somehow a representative of the party, is really contrary to a very long line of Ninth Circuit cases that have recognized that a guardian ad litem is not a formulaic or ministerial, and is actually a federal officer and an agent of the court that is there to act independently to ensure that the attorneys and the other parties are not taking advantage of this minor and they are acting under the direct supervision of the court. And with that, I'll submit. Thank you. All right. Thank you very much, counsel. California v. Hunter is submitted.
judges: Wardlaw, Bennett, Miller